ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| DAVID ENRIQUE ROSA CARDONA POR SI Y COMO APODERADO DE SU HERMANA JENNIFER ROSA CARDONA<br><br>Apelante<br><br>v.<br><br>LOURDES VENTURA DE CARDONA<br><br>Apelada | **TA2025AP00178** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm. CA2025CV00876<br><br>Sobre: Desahucio en Precario |
| --- | --- | --- |

Panel integrado por su presidenta la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

Comparece ante este foro, David Enrique Rosa Cardona y Jennifer Rosa Cardona (en conjunto, parte apelante) y solicitan que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, emitida y notificada el 26 de junio de 2025. Mediante el referido dictamen, el foro primario desestimó sin perjuicio la *Demanda de Desahucio en Precario* presentada por la parte apelante hasta que se resuelva el asunto de la nulidad de las donaciones que se está ventilando en el caso número CA2020CV01144.

### I.

El 20 de marzo de 2025, David Enrique Rosa Cardona (señor Rosa) por sí y como apoderado de su hermana, Jennifer Rosa Cardona (señora Rosa), presentó *Demanda sobre Desahucio en Precario* contra Lourdes Ventura de

Cardona (señora Ventura o parte apelada).[1]  En esta, alegó que es dueño de un apartamento residencial número 8-D ubicado en el condominio Villa San Cristóbal en Carolina, Puerto Rico.  Asimismo, sostuvo que la señora Rosa es dueña de un apartamento residencial número 2-B en el condominio Villa San Cristóbal en Carolina, Puerto Rico.  Adujo que la señora Ventura está ocupando dichas propiedades sin derecho a ello y se ha negado a desalojar las mismas.  Ante ello, solicitó del foro primario que declarara con lugar el desahucio y condenara a la señora Ventura a desalojar sumariamente y de inmediato las propiedades.  Además, solicitó el pago de honorarios de abogado, costas y gastos incurridos.

El 9 de abril de 2025, la señora Ventura presentó una *Contestación a Demanda y Reconvención* mediante la cual *solicitó* la revocación de las escrituras de donación que otorgan la titularidad de los apartamentos a los apelantes.[2]  En síntesis, sostuvo que la donación fue realizada por ella y su esposo fallecido, José Enrique Cardona Llamas (señor Cardona).  Alegó que dicha donación fue condicionada y onerosa, toda vez que las propiedades poseen un gravamen hipotecario y generan obligaciones de pago al CRIM, mantenimiento del condominio y seguros.  Adujo que procede revocar la donación hecha a la parte apelante debido a que esta incumplió con las condiciones establecidas en la escritura de donación. Específicamente, indicó que los apelantes incumplieron con los pagos correspondientes a la hipoteca, contribuciones y mantenimiento.  Alegó que la deuda hipotecaria continúa bajo su nombre y que,

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Contestación a Demanda y Reconvención*, entrada núm. 8 en SUMAC.

teniendo la posesión y dominio del bien inmueble, ha continuado pagando la hipoteca de manera ininterrumpida. Asimismo, adujo que en todo momento ha realizado actos constitutivos de dueña, por lo que se considera aún la propietaria de los inmuebles. Por otra parte, la señora Ventura alegó que existe una demanda ante el foro primario entre las mismas partes de epígrafe relacionado a un alegado Cobro de Dinero y Administración de Propiedades Arrendadas. Ante tales circunstancias, solicitó que se tomara conocimiento judicial del caso Civil Número CA2020CV01144.

Posteriormente, el 9 de abril de 2025, la parte apelante presentó *Moción al Expediente*.[3] Mediante esta, sostuvo que la señora Ventura no cuenta con un título que justifique la posesión que ostenta sobre las propiedades. Indicó que la aportación de dinero para reparaciones y ampliaciones, así como haber ejercido funciones de administrador o custodio del inmueble, no configuran un conflicto de título que haga improcedente la acción de desahucio. Alegó que, al no poder establecer un título que justifique la posesión del inmueble, no proceden las alegaciones de la reconvención. Ante tales circunstancias, solicitó que se declara *No Ha Lugar* a la *Contestación a Demanda y Reconvención* por no ser pertinente a un proceso de desahucio en precario.

En respuesta, el mismo día, la parte apelada presentó *Oposición a Moción del Expediente*.[4] En síntesis, adujo que cuando un demandado presenta otras defensas afirmativas relacionadas con la acción de

---

[3] *Moción al Expediente,* entrada núm. 10 en SUMAC.
[4] *Oposición a Moción del Expediente*, entrada núm. 12 en SUMAC.

desahucio, éste puede solicitar que el procedimiento se convierta al trámite ordinario. En vista de lo anterior, sostuvo que no procede el descarte sumario de la reconvención. Indicó que dicha reconvención debe tramitarse como parte del pleito o, en su defecto, el caso debe convertirse en uno ordinario.

Luego de varios trámites procesales, el 30 de abril de 2025, la parte apelante presentó *Moción en Oposición a que se Acepte Reconvención.*[5] En esencia, replicó los mismos planteamientos esbozados en la *Moción al Expediente.* Además, indicó que el caso CA2020CV01144 no es un caso de desahucio, por lo que no tiene injerencia alguna con el caso de epígrafe.

El 1 de mayo de 2025, el foro primario emitió *Orden de Mostrar Causa.*[6] Mediante esta, el foro primario expresó que entiende que existe una genuina controversia de título entre las partes. Asimismo, dispuso que las controversias levantadas en la reconvención están planteadas en el caso Civil Número CA2020CV01144. Ante tales circunstancias, le ordenó a la parte apelante que mostrara causa por la cual no debía desestimar sin perjuicio la *Demanda de Desahucio en Precario* hasta que se resuelva el asunto que se está ventilando en el caso Civil Número CA2020CV01144.

En cumplimiento con la orden, el 12 de mayo de 2025, la parte apelante presentó *Moción en Cumplimiento de Orden.*[7] En esta, sostuvo que no es pertinente lo alegado por la señora Ventura. Asimismo, adujo que la señora Ventura no tiene título ni causa de acción,

---

[5] *Moción en Oposición a que se Acepte Reconvención,* entrada núm. 28 en SUMAC.
[6] *Orden de Mostrar Causa, entrada núm. 32 en SUMAC.*
[7] *Moción en Cumplimiento de Orden*, entrada núm. 33 en SUMAC.

independientemente de sus planteamientos levantados en el caso Civil Número CA2020CV01144.

Posteriormente, el 26 de junio de 2025, el foro primario dictó *Sentencia*.[8] Mediante el referido dictamen, desestimó sin perjuicio la *Demanda de Desahucio en Precario* hasta que se resuelva el caso Civil Número CA2020CV01144. Dispuso que, luego de tomar conocimiento judicial sobre el caso Civil Número CA2020CV01144, surge que las controversias levantadas en la reconvención están planteadas en el caso antes mencionado. Determino que, en vista de que las escrituras de donación que otorgan la titularidad de las propiedades están en litigio, existe una controversia real y genuina de título entre las partes.

Inconforme, la parte apelante recurrió ante este foro revisor mediante el recurso que nos ocupa y adujo que el foro primario incurrió en el siguiente error:

> Erró el TPI y abusó de su discreción al privar a esta parte del derecho del dominio desestimando la demanda por alegaciones baladí del demandado que el tribunal estaba obligado a resolver conforme la minuta del presente caso, entrada 26 de SUMAC. Es nuestra postura que no existe una genuina controversia sobre titularidad.

El 15 de agosto de 2025 emitimos una *Resolución*, en la cual le concedimos a la parte apelada el término dispuesto en el Reglamento de este Tribunal, para presentar su alegato en oposición. En cumplimiento, el 26 de agosto de 2025, la señora Ventura presentó su alegato.

Con el beneficio de la comparecencia de ambas partes, procederemos a resolver.

---

[8] *Sentencia*, entrada núm. 2 en SUMAC.

## II.

## -A-

El desahucio es el medio que tiene el dueño o la dueña de un bien inmueble para que pueda recobrar la posesión de este, a través del lanzamiento o la expulsión del arrendatario o precarista que la mantiene sin pagar los correspondientes cánones. *Ortiz Zayas v. ELA*, 211 DPR 772, (2023). Esta acción de desahucio puede solicitarse, ya sea mediante proceso sumario, o por vía ordinaria. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018). En cuanto al desahucio sumario, el mismo está regulado por el Código de Enjuiciamiento Civil, específicamente en sus artículos 620 a 634, 32 LPRA secs. 2821-2838. Sobre tal carácter sumario, nuestro Tribunal Supremo ha expresado que ello responde al interés del Estado en atender rápidamente las reclamaciones por parte de los dueños de inmuebles que ven interrumpido su derecho a poseer y disfrutar de su propiedad. *Ortiz Zayas v. ELA*, supra; *Cooperativa v. Colón Lebrón*, supra, pág. 820; *Adm. Vivienda Pública v. Vega Martínez*, supra, pág. 240; *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016).

Pertinente a la controversia que nos ocupa, es meritorio señalar que, nuestra última instancia judicial ha puntualizado que en el trámite sumario deben considerarse estrictamente la recuperación de la posesión material en los casos determinados por ley. Sobre este particular, en *Fernández & Hno. V. Pérez*, 79 DPR 244, 247-248 (1956) el Tribunal Supremo de Puerto Rico señaló que:

> La única función del procedimiento de naturaleza sumaria que establece la ley

para el desahucio es recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna. El beneficio de la economía y rapidez del trámite sumario se perdería si la acción no queda restringida a la consideración y resolución de la cuestión estricta para la que se ha creado: la recuperación de la posesión material en los casos determinados por la ley. De ahí que el tratamiento de todos los demás derechos y cuestiones accesorias o colaterales sólo corresponde a la acción ordinaria y que el único pronunciamiento en la sentencia de desahucio es si procede o no ordenar el desalojo.

[E]s doctrina general establecida por nuestro más Alto Foro, que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser este uno de carácter sumario en que únicamente se trata de recobrar la posesión de un inmueble por quien tiene derecho a ella. *C.R.U.V. v. Román,* 100 DPR 318, 321, 322 (1971). A tono con tal doctrina, si un demandado en desahucio produce prueba suficiente que tienda a demostrar que tiene algún derecho a ocupar un inmueble y que tiene un título tan bueno o mejor que el del demandante, surge un conflicto de título que hace improcedente la acción de desahucio. *Escudero v. Mulero,* 63 DPR 574 (1944). Tal conflicto, debe ser dilucidado en el juicio declarativo correspondiente; pero no se debe extender este principio a casos en que no hay posibilidad de título en favor de la parte demandada. *C.R.U.V. v. Román,* supra.

-B-

En nuestro ordenamiento jurídico no se favorece la intervención de los foros apelativos para revisar la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia, en ausencia de

pasión, prejuicio, parcialidad o error manifiesto. *Pueblo v. Hernández Doble*, 210 DPR 850 (2022). La norma general es que, si la actuación del foro *a quo* no está desprovista de una base razonable y no perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de primera instancia, a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959). Sobre el particular, el Tribunal Supremo ha expresado que:

> Una de las normas más conocidas en nuestro ordenamiento jurídico es que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, pág. 753.

Esta norma de autolimitación judicial cede cuando "un análisis integral de [la] prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia; correspondiéndole al apelante de manera principal señalar y demostrar la base para ello." *Pueblo v. Cabán Torres*, 117 DPR 645, 648 (1986).

En fin, como norma general, no intervendremos con la apreciación de la prueba realizada por el Tribunal de Primera Instancia. Regla 42.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. Véase, además *Monllor Arzola v. Sociedad de Gananciales,* 138 DPR 600, 610 (1995). No obstante, si de un examen de la prueba, se desprende que el juzgador descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios improbables o imposibles, se justifica

nuestra intervención. *C. Brewer PR, Inc. v. Rodríguez*, 100 DPR 826, 830 (1972). Ello, sin obviar la norma que establece que un tribunal apelativo no puede dejar sin efecto una sentencia cuyas conclusiones encuentran apoyo en la prueba desfilada. *Sánchez Rodríguez v. López Jiménez*, 116 DPR 172, 181 (1985).

### III.

Mediante el recurso que nos ocupa, la parte apelante impugna la *Sentencia* emitida por el foro primario, notificada el 26 de junio de 2025. En esencia, señala que erró el foro de instancia al privarle del derecho del dominio mediante la desestimación de la *Demanda* por alegaciones baladí de la parte apelada. Asimismo, la parte apelante adujo que no existe una genuina controversia sobre titularidad entre las partes.

Luego de una evaluación minuciosa del legajo ante nos, concluimos que no le asiste la razón a la parte apelante. Veamos.

En el caso ante nuestra consideración, la señora Ventura alegó, entre otras cosas, que existe una demanda ante el foro primario entre las mismas partes de epígrafe relacionado a un alegado Cobro de Dinero y Administración de Propiedades Arrendadas. Ante tales circunstancias, solicitó que se tomara conocimiento judicial del caso Civil Número CA2020CV01144. Al así hacerlo, el foro primario determinó que existe una controversia real y genuina de título entre las partes. Ello debido a que las escrituras de donación, las cuales otorgan la titularidad de las propiedades, están en litigio en el caso Civil Número CA2020CV01144. Asimismo, el foro primario sostuvo que las controversias

levantadas en la reconvención están planteadas en el caso antes mencionado. Ante tales circunstancias, desestimó sin perjuicio la *Demanda de Desahucio en Precario* hasta que se resuelva el caso Civil Número CA2020CV01144.

Examinado con detenimiento el recurso y la prueba documental ante nos, determinamos que el foro primario no incidió en cuanto al error señalado por la parte apelante. Ello ya que el Caso Civil Número CA2020CV01144 aún se encuentra pendiente de una determinación y contiene, entre otras, las mismas alegaciones que se plantean en el caso ante nuestra consideración. Por otro lado, surge del expediente ante nos que los apartamentos objeto de litigio fueron transferidos mediante escrituras de donación onerosas y condicionadas. A su vez, dichas escrituras, las cuales otorgan la titularidad de las propiedades, están en litigio en el caso Civil Número CA2020CV01144. Por ello, contrario a lo alegado por la parte apelante, existe una genuina controversia de título pendiente de ser resuelta. Esto a su vez, impide resolver el caso por la vía sumaria debido a que es doctrina reiterada que los conflictos de título no pueden dilucidarse en el juicio de desahucio por ser este uno de carácter sumario.

Por otra parte, resulta necesario reseñar que el foro primario tuvo ante sí la encomienda de evaluar la prueba presentada. En consecuencia, es menester resaltar que los tribunales apelativos no debemos intervenir con la apreciación de la prueba o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia, en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Por lo que, este Foro

debe mantener deferencia para con la apreciación de la prueba y determinaciones de hechos que realiza un foro primario.

En virtud de lo antes expuesto, avalamos el dictamen emitido por el foro primario. Toda vez que, luego de examinar el expediente y el último *Informe de Conferencia Con Antelación a Juicio* del caso Civil Número CA2020CV01144, colegimos que las controversias levantadas en la reconvención están planteadas en el caso antes mencionado. Así las cosas, el Tribunal de Primera Instancia no incurrió en error ni en abuso de discreción. Más bien, resolvió conforme a derecho al desestimar el pleito sumario, reservando las controversias de título para el trámite ordinario que corresponde. Como consecuencia, nos vemos compelidos a confirmar la *Sentencia* del Tribunal de Primera Instancia, la cual desestimó sin perjuicio la *Demanda sobre Desahucio en Precario* contra la señora Ventura hasta que se resuelva el Caso Civil Número CA2020CV01144.

**IV.**

Por los fundamentos que anteceden, **CONFIRMAMOS** la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina el 26 de junio de 2025.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones